UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYLE BOYCE,

Plaintiff,

v. Case No. 8:18-cv-2661-T-33TGW

CITY OF NEW PORT RICHEY, FLORIDA,

Defendant.

_______________________________/

**ORDER**

This matter comes before the Court in consideration of Defendant City of New Port Richey, Florida's Motion to Dismiss Count I of the Amended Complaint (Doc. # 19), filed on December 12, 2018. Plaintiff Kyle Boyce responded in opposition on January 7, 2019. (Doc. # 28). For the reasons that follow, the Motion is denied.

## I. Background

Boyce began working for the City in 2010 as an equipment operator. (Doc. # 16 at 3). During the seven years of his employment, Boyce had no disciplinary issues and performed his job satisfactorily. (Id.). As of September of 2017, Boyce's wife "suffered from a disability as a result of

surgery on her shoulder" and Boyce was her primary caretaker around this time. (Id.).

In anticipation of Hurricane Irma, Robert Rivera — Boyce's director — held a meeting on September 9, 2017. (Id.). Rivera explained "that essential personnel had to stay in the facility due to the City's needs during the hurricane." (Id.). The building Boyce was ordered to stay in "was in a mandatory evacuation zone and was not rated for category 4 or category 5 hurricanes." (Id.).

The next day, September 10, Boyce asked Sean Howard — the "Street and Right of Way Department Leader" for the City — if Boyce "could be excused through the storm so he could go home and care for his wife, who was out of work on approved Family and Medical Leave Act (FMLA) leave." (Id.). The Amended Complaint alleges that Howard and Barret Doe, the assistant director, gave Boyce permission to leave. (Id.).

Despite having been given permission, when Boyce came to work on September 11 to work, Howard directed Boyce to return home. (Id.). Unnerved by this, Boyce texted Howard later that day to ask if he still had a job. Howard allegedly responded that Boyce still had his job "as of now." (Id. at 4). A few days later, on September 15, Boyce received a letter dated September 13 from Debbie Manns, the City Manager, "falsely

informing [Boyce] that [he] was terminated for allegedly failing to report for duty." (Id.). Additionally, although he alleges it is the City's policy to provide a disciplinary hearing before a termination, Boyce was not given a hearing. (Id.).

Boyce alleges that the true reason for his termination was the City's belief "that [Boyce] was distracted and somewhat inattentive at work because his spouse's disability required [Boyce's] attention." (Id. at 5). According to the Amended Complaint, the City "was aware that [Boyce's] spouse had a need for [his] presence at home on occasion and had an unfounded perception that [Boyce] would have to take substantial time away from work in the future to care for his spouse." (Id.).

Boyce filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) on April 24, 2018. (Id. at 2). The EEOC issued a Dismissal and Notice of Rights to Boyce on August 24, 2018. (Id.).

Then, Boyce initiated this action on October 30, 2018, asserting claims for FMLA interference, and associational disability discrimination claims under the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act

(FCRA). (Doc. # 1). The City filed an Answer to the FMLA claim, (Doc. # 13), but filed a motion to dismiss the ADA and FCRA claims, (Doc. # 14).

In response to the motion to dismiss, Boyce filed an Amended Complaint on December 3, 2018. (Doc. # 16). The Amended Complaint asserts claims for FMLA interference and associational disability discrimination under the ADA only. (Id.). Now, the City again moves to dismiss the ADA claim. (Doc. # 19). Boyce has responded (Doc. # 28), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to

> raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "The scope of review must be limited to the four corners of the complaint" and attached exhibits. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

**III. Analysis**

In Count I of the Amended Complaint, Boyce alleges that the City violated the ADA because it "discriminated against [him] because of his association with his wife's disability" and "terminat[ed] his employment." (Doc. # 16 at 5).

The ADA creates a cause of action for associational disability discrimination. See 42 U.S.C. § 12112(b)(4) (making it unlawful to "exclud[e] or otherwise deny[] equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association"). To state a claim for associational disability discrimination, a plaintiff must allege: "(1) [he] was qualified for the job; (2) [he] was subjected to an adverse employment action; (3)

[he] was known by [his] employer to have an association with a disability; and (4) there were circumstances raising a reasonable inference that [his] association with a disability was a determining factor in the employer's adverse employment action." Lynn v. Lee Mem'l Health Sys., No. 2:15-cv-161-FtM-38, 2015 WL 4645369, at *2 (M.D. Fla. Aug. 4, 2015).

The fourth element "potentially encompasses three categories of claims":

> (1) "expense-avoidance," e.g. where an employee suffers an adverse action because a spouse or child is covered by the company's health plan and has a disability that is costly to the employer; (2) "disability by association," e.g. where the employer fears that the employee is likely to develop the disability due to exposure to or a genetic component of the ailment; and (3) "distraction," e.g., where the employee is somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet is not so inattentive that he would need an accommodation to perform to his employer's satisfaction.

Gonzalez v. Wells Fargo Bank, N.A., No. 12-80937-CIV, 2013 WL 5435789, at *7 (S.D. Fla. Sept. 27, 2013). "In a fourth category of claim, an employer may also be liable for associational disability discrimination where it terminates an employee based on an unfounded assumption regarding the employee's need for future leave in order to care for a disabled person." Id.

The City contends that Boyce has not sufficiently pled a claim for such associational disability discrimination. (Doc. # 19 at 2-5). Specifically, the City insists that Boyce "fail[ed] to plead a single fact which plausibly supports a claim that he was discharged due to his association with his allegedly disabled wife." (Id. at 4). The City asserts that the Amended Complaint "acknowledges . . . that the basis the City provided for [Boyce's] discharge was his failure to report for duty." (Id.); see Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1231 (11th Cir. 1999)("[I]f [a non-disabled employee] violates a neutral employer policy concerning attendance or tardiness, he or she may be dismissed even if the reason for the absence or tardiness is to care for the [disabled associate]." (citation omitted)).

The City recognizes Boyce's allegations that the City fired him because it believed he was distracted at work or would take future leave from work because of his wife's disability. (Doc. # 19 at 4). But the City asserts these allegations are "legal conclusions" and that Boyce "alleges no facts in his Amended Complaint to support these claims." (Id.). Finally, according to the City, "[a]t most in this [Amended] Complaint, [Boyce] attempted to allege[] that he was denied a reasonable accommodation for his wife's alleged

disability." (Id. at 5). It notes that the ADA "does not require an employer to accommodate the disability of an employee's family member." (Id. at 3); see Rocky v. Columbia Lawnwood Reg'l Med. Ctr., 54 F. Supp. 2d 1159, 1165 (S.D. Fla. 1999)("[T]he associational provision of the ADA does not require employers to make any 'reasonable accommodation' for the disabilities of relatives or associates of a nondisabled employee.").

The Court disagrees with the City that Boyce has not pled sufficient factual allegations to support that he was fired because of his association with his disabled wife. A fair reading of the Amended Complaint makes it clear that Boyce is basing his associational disability claim on the "distraction" and "future leave" theories. Boyce is not arguing he was entitled to a reasonable accommodation for his wife's disability. Indeed, the Amended Complaint asserts that Boyce's association with his wife was the motivation for the City's decision to terminate Boyce because the City believed Boyce was distracted and might miss work in the future. (Doc. # 16 at 5). While these allegations are not very detailed, they are not legal conclusions as the City claims.

Taking all the allegations as true, the allegations of the Amended Complaint are sufficient to state an ADA

associational disability claim and therefore survive the Motion to Dismiss. While Boyce acknowledges that most employees were required to work through the hurricane, he alleges that he was given permission by supervisors to take the day off to care for his disabled wife. (Id. at 3). Yet, despite that permission, the City fired Boyce on the alleged ground that he failed to report for duty. (Id. at 4).

The fact that Boyce was supposedly fired for taking leave he was permitted to take, combined with the allegations that the City was concerned Boyce was distracted at work and would take more leave in the future, create a reasonable inference at this juncture that Boyce was actually fired because of his association with his wife. See Lynn, 2015 WL 4645369, at *2 (denying motion to dismiss because "a plain review of the Complaint reveals Lynn alleges she was qualified for her job, she was subjected to an adverse employment action, her association with a disability through her daughter was known to [the employer], and there were circumstances raising a reasonable inference that [the employer] retaliated against her in light of her association with a disability"). Therefore, the Motion to Dismiss Count I is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant City of New Port Richey, Florida's Motion to Dismiss Count I of the Amended Complaint (Doc. # 19) is **DENIED.**

(2) The City's answer to Count I is due within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE